UNITED STATES COURT OF APPEALS

January 31, 2014

TENTH CIRCUIT

GREGORY BELL,

      Petitioner - Appellant,

v.

FRANCIS FALK, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 13-1321
(D.C. No. 12-CV-02917-REB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Gregory Bell, a Colorado state inmate proceeding pro

se, seeks a certificate of appealability ("COA") to appeal the district court's

denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Bell v. Falk, No. 12-CV-02917-REB, 2013 WL 3771291, at *1 (D. Colo. July 16,

2013). We deny his request and dismiss the appeal.

Background

On August 12, 2000, Mr. Bell went on a mid-afternoon crime spree during

which he threatened at least nine people with a handgun, attempted to rob most of them, placed the gun into one victim's mouth, and forced another to drive him to a trailer park where he burst into a home and threatened to shoot the victim if the occupants refused to give him money. Id.; 1R. 172-76. Although Mr. Bell pleaded not guilty by reason of insanity, a psychiatrist for the state provided expert testimony that Mr. Bell could distinguish between right and wrong sufficient to establish the requisite intent for his crimes. 1R. 156,[1] 160. Mr. Bell did not call any witnesses, nor did he testify. 1R. 156. Finding no evidence to support Mr. Bell's insanity defense, the trial court rejected his tendered insanity jury instruction. 1R. 156. He was found guilty of attempted first degree murder, attempted second degree murder, second degree kidnapping, aggravated robbery, and several other charges stemming from the rampage, for which he is serving a multi-year sentence. 1R. 171; see also Bell, 2013 WL 3771291, at *1.

Mr. Bell appealed his conviction, arguing primarily that lay witness testimony of his acting abnormal supported an insanity instruction. 1R. 158-59. The Colorado Court of Appeals rejected this theory and affirmed. 1R. 160-62. The Colorado Supreme Court denied Mr. Bell's petition for certiorari review. Bell v. People, No. 04SC870, 2005 WL 1140339 (Colo. May 16, 2005).

Mr. Bell sought postconviction relief by filing a motion under Colo. R.

---

[1] Many of the case's undisputed facts are from People v. Bell, No. 02CA1255, 2004 WL 2536826 (Colo. App. Nov. 10, 2004) (unpublished), which is not provided in its entirety by Westlaw but is available at 1R. 154-62.

Crim. P. 35(c), which was summarily denied and not appealed. Bell, 2013 WL 3771291, at *2. Mr. Bell filed a second Rule 35(c) motion alleging ineffective assistance of counsel. Id. After a hearing, the trial court denied Mr. Bell's motion. Id. The Colorado Court of Appeals affirmed. Id. (citing People v. Bell, No. 11CA1437 (Colo. App. Sept. 13, 2012) (unpublished)).

Mr. Bell then initiated his federal habeas petition under § 2254, raising two claims for relief: (1) a violation of his due process protections because the trial court failed to instruct the jury on his insanity defense, and (2) ineffective assistance of counsel because his attorney (a) failed to investigate and present evidence on the insanity defense, (b) failed to retain an expert witness on temporary insanity, and (c) prevented Mr. Bell from testifying by incorrectly advising him that his juvenile convictions could be used against him. Bell, 2013 WL 3771291, at *3-4. Finding the claims timely, 28 U.S.C. § 2244(d)(1), and that Mr. Bell had exhausted his state remedies, the district court addressed the merits of the two claims. Bell, 2013 WL 3771291, at *4. It determined that the state courts' decisions were not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at *3-14 (quoting § 2254(d)). In applying the § 2254 standard, the district court concluded that Mr. Bell failed to make the requisite showing of

insanity under state law to warrant the jury instruction; thus no federal due process violation occurred.  Id. at *8 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")).  As to the ineffective assistance of counsel claim, the district court found that the state's evidentiary hearing established, among other things, that (a) Mr. Bell presented no witnesses who could establish that he suffered from mental illness; (b) he was evaluated by three experts prior to trial, none of whom found him insane; and (c) he was properly advised about the implications of testifying at trial.  Id. at *11, *13-14.  Thus, the district court concluded that counsel's actions conformed with Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Id. at *12-13, *14.  The district court also denied leave for Mr. Bell to proceed in forma pauperis.  Id. at *14.  Mr. Bell renews the two claims in his application before this court.[2]  Aplt. Br. at 7-8, 20, Bell v. Falk, No. 13-1321 (10th Cir. Nov. 15, 2013).

Discussion

In order for this court to grant a COA, Mr. Bell must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the

---

[2] Mr. Bell does not include his earlier claim that he was improperly advised not to testify at trial.

- 4 -

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  In addressing this question, we review Mr. Bell's pro se filings with special care.  See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  As the district court rejected Mr. Bell's constitutional claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.

We have carefully reviewed Mr. Bell's opening brief and application for a COA, the district court's thorough analysis of each of Mr. Bell's claims, and the record.  Based on this review, we conclude that Mr. Bell fails to make a substantial showing of a denial of a constitutional right and that no reasonable jurist could debate the correctness of the district court's decision.  Accordingly, we DENY a COA, DENY in forma pauperis status, and DISMISS the appeal.

<div style="margin-left: 50%;">

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

</div>